## SCHULTZ et al. v. JACKSON CUSHION SPRING CO.

(Circuit Court of Appeals, Sixth Circuit. March 18, 1921.)

No. 3493.

1. **Patents ☞168(2)—Scope limited by rejection of claims by Patent Office.**

   A patentee, who acquiesced in the rejection of claims by the Patent Office, is estopped to claim any element of such claims not retained in some claim allowed.

2. **Patents ☞168(1)—Patentee bound by voluntary limitation of claim.**

   A patentee, who voluntarily limits a claim, is bound by such limitation, though it may not have been necessary.

3. **Patents ☞178—Equivalency determined by terms of claim.**

   In determining the question of equivalency, nothing can be held to infringe which does not fall within the terms the patentee has himself chosen to express his invention.

4. **Patents ☞328—999,678, for seat-back springs for vehicles, void for lack of novelty.**

   The Schultz & Sweeney patent, No. 999,678, for seat-back springs for vehicles, *held* void for lack of novelty, and also not infringed.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by Richard E. Schultz, administrator of the Estate of Charles W. Schultz, deceased, and Edward A. Sweeney, against the Jackson Cushion Spring Company. Decree for defendant, and complainants appeal. Affirmed.

Edw. N. Pagelsen, of Detroit, Mich. (Edward N. Pagelsen, of Detroit, Mich., on the brief), for appellants.

E. J. Stoddard, of Detroit, Mich. (R. A. Parker, of Detroit, Mich., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This appeal involves the questions of the validity and the infringement by appellee of letters patent 999,678, issued August 1, 1911, to C. W. Schultz and E. A. Sweeney. The United States District Court for the Eastern District of Michigan found this patent invalid, and that, even if valid, it was not infringed by the defendant. The original bill of complaint also averred infringement by the defendant of patent 999,677, issued to the same inventors, but plaintiff voluntarily dismissed the action as to this patent.

The patent in suit relates to seat-back springs for vehicles, especially for automobile tonneaus, and the object of the invention is to provide means whereby particularly the upper part of the seat back may be rendered soft and resilient. It appears from the Patent Office record that the original application for this patent contained four separate claims, all of which were rejected·

"On Warner, 279,998, June 26, 1883, and Bonnell, 630,967, August 15, 1899, in view of German patent 150,293, of 1904, spring seats. See also German patent 99,707, of 1908, and Carre. 54,828, May 15, 1866, spring seats."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The inventors then canceled claims 2, 3 and 4, and substituted claim 2, which reads as follows:

"A seat-back spring construction comprising a frame formed of longitudinal and upright bars secured together, coil springs mounted on the same to project forward, and a series of upright spring ribbons formed by bending resilient wire to form flat sinuous curves, said ribbons connecting to the frame at their lower ends, extending upward over the fronts of the coil springs, and then forming loops. at the top of the frame, their ends connecting to the frame, and small coil springs connecting the upper portion of the adjacent spring ribbons."

The application then contained two claims; claim 1 reading exactly as No. 2, except that No. 2 contained the following statement not found in No. 1:

"And small coil springs connecting the upper portion of the adjacent spring ribbons."

The Patent Office against rejected claim 1, and allowed the new claim 2. The attorneys for the applicants then canceled original claim 1 and renumbered the new claim 2 as claim 1. That patent as issued contains this single claim. No change was made in the original specification.

The inventors accepted as final the adjudication of the Patent Examiner that claims 2, 3, and 4 of the original claims were anticipated by Warner and Bonnell, and amended their claims in accordance with this finding, but still retaining claim 1. Thereafter they accepted as final the rejection of claim 1, canceled the same, and requested that a patent be issued covering the single claim 2, renumbered as 1.

[1] In view of this Patent Office history the inventors are not now in position to claim that the patent as issued protects them to the extent of the scope and breadth of all or either of these four rejected claims, further than as retained and indicated by the construction described in the sole claim of the patent as issued, embodying small coiled springs connecting the upper portion of the adjacent spring ribbons. Campbell v. American Shipbuilding Co., 179 Fed. 498, 103 C. C. A. 122.

[2] If, however, we accept the plaintiff's contention that the inventor could as well have met and overcome the references by adding to claim 1 the broad term "connectors," instead of "coil springs connecting," then the question presented is one of voluntary limitation, and not of estoppel. The fact that such limitation was unnecessary, or was self-imposed, is of no importance, if such limitation was intentional. McClain v. Ortmayer, 141 U. S. 419, 425, 12 Sup. Ct. 76, 35 L. Ed. 800; Ohmer Fare Register Co. v. Ohmer (C. C. A. 6) 238 Fed. 182, 193, 151 C. C. A. 258; McCallum v. P. & C. C. Co. (C. C. A. 6) 268 Fed. 835.

[3] The law is settled that, in determining the question of equivalency, "nothing can be held to be an infringement which does not fall within the terms the patentee has himself chosen to express his invention." McClain v. Ortmayer, supra; Cimiotti Co. v. American Co., 198 U. S. 399, 415, 25 Sup. Ct. 697, 49 L. Ed. 1100; McCallum v. P. & C. C. Co., supra. This rule must be construed in connection with

the rule that a form equivalent to a specified form is an infringement. The possible conflict between these rules and the cases relating to that subject were fully considered and discussed by this court in the case of D'Arcy v. Marshall Ventilated Mattress Co., 259 Fed. 236, 238, et seq., 170 C. C. A. 304, 308, and the conclusion reached expressed in this language:

"From a review of these and other familiar cases, we think it is safe to deduce the proposition that where the claim defines an element in terms of its form, material, location or function, thereby apparently creating an express limitation, where that limitation pertains to the inventive step rather than to its mere environment, and where it imports a substantial function which the patentee considered of importance to his invention, the court cannot be permitted to say that other forms, which the inventor thus declared not equivalent to what he claimed as his invention, are nevertheless to be treated as equivalent, even though the court may conclude that his actual invention was of a scope which would have permitted the broader equivalency."

[4] The defendant's construction is substantially the same as plaintiff's, except that the small coil springs are not used to connect the upper portion of the adjacent ribbons, but, on the contrary, a rigid wire fastener is substituted.

It is the claim of the appellants that these wire connectors used by the defendant accomplish the same purpose, in the same manner, as the small coil springs specified in the claim in that patent; that in their specifications the only duty ascribed to these small coil springs is that of connectors, which transmits stresses from one arch to the next, and which prevents the upholstering from slipping through between arches; that this is exactly what is accomplished by the wire loops of the seat-back springs now being manufactured by the defendant. It is evident, however, that these coil springs have a resiliency of their own, wholly independent of the resiliency of the wavy wire ribbon springs to which they are attached, and which they connect. That fact is suggested in the specifications in this language:

"The adjacent ribbons 15, may be connected by small coil springs 17, thus forming a soft, resilient cushion for the upper portion of the body and the head."

This feature, of course, is wholly lacking in the wire loops used by the defendant, and to that extent, at least, these wire loops or connectors are not the equivalent of the small coil springs. However that may be, this record very clearly discloses that these small coil springs are by no means new to the art. In Osborne, 199,096, issued 1878, these small coil springs are used for a substantially identical purpose. The same is true of Hamilton, 208,591, issued the same year, and Edgar, 237,679, issued 1881.

It is therefore apparent that the use of these coil springs to connect the springs of the plaintiff's construction, and which the Patent Office found to be the sole novelty in the claimed invention, was, at the time plaintiff's application was filed, old in the patent art, and presented no novelty whatever, either in the character of the springs or the use to which they were applied.

For the reasons above stated, the judgment of the District Court is affirmed.